USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARIEL ZUCKERMAN,

                        Plaintiff,

   -against-

GW ACQUISITION LLC d/b/a G&W
INDUSTRIES, MICHAEL MARINOFF, in his
individual and professional capacities, and
ALBERT MALEH, in his individual and
professional capacities
                       Defendants

------------------------------------------------------------X

Civil Action No.:
1:20-cv-08742 (VEC)

**STIPULATION AND ORDER
<u>OF CONFIDENTIALITY</u>**

      Plaintiff, Ariel Zuckerman ("Plaintiff"), and Defendants, GW Acquisition LLC d/b/a G&W Industries, Michael Marinoff, and Albert Maleh (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties" and separately as a "Party"), by and through their respective counsel, hereby stipulate and agree that the following provisions shall govern the handling of confidential information and documents in this action:

      1.      Any Party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Stipulation and Order of Confidentiality (hereafter the "Stipulation and Order" or the "Order") any information, document, or thing, or portion of any document or thing containing or referencing: (a) buyers, vendors, clients, and/or industry contacts; (b) medical records or information regarding any person's medical condition, treatment, diagnosis, medication etc.; (c) trade secrets or proprietary information that if revealed would cause tangible economic, governmental, political, or competitive harm; (d) private or confidential personal information such as social security numbers  financial records, educational records, payroll information, and names of children; (e) criminal prosecutions; (f) internal affairs information; (g) law enforcement materials, investigative techniques, procedures, methods, and/or know-how; (h)

investigative files and investigative material; (i) personnel records and or personnel information; and (j) any other such information that the parties agree to be entitled to protection.

2. Any Party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). In designating information as "Confidential," a Party will make such designation only as to that information that it in good faith believes contains confidential information as defined herein. Documents, things, and information may be designated as Confidential at any time.

3. "Producing Party" shall mean the Party who produces information to another Party and who deems that information Confidential.

4. "Receiving Party" shall mean the Party who receives the Confidential information supplied by the Producing Party.

5. All Confidential material shall be used by the Receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, political, labor relations, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. Nothing herein shall prevent disclosure of any Confidential information by its Producing Party, with the exception of documents or information obtained via a HIPAA-compliant authorization or third-party subpoena, if designated confidential, as well as medical records and documents referencing Plaintiff's medical condition(s) and/or medical treatment(s),

which, if designated Confidential, shall not be disclosed by the Producing Party other than in accordance with this Stipulation and Order of Confidentiality.

6. Confidential material and the contents of Confidential material may be disclosed only to the following individuals:

    a.    Plaintiff;

    b.    Defendants;

    c.    Plaintiff's counsel (herein defined as any attorney(s) representing the Plaintiff in this action);

    d.    Defendants' counsel (herein defined as any attorney(s) representing the Defendants in this action);

    e.    Outside experts or consultants retained by Plaintiff's counsel or Defendants' counsel for purposes of this action, provided they have signed the Agreement to Be Bound by Stipulation and Order of Confidentiality (annexed hereto as **Exhibit A**);

    f.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    g.    The Court and Court personnel;

    h.    Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the Party who produced the information, document or thing, or if the producing Party consents to such disclosure; and

    i.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in

the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

      7.      Confidential material shall be used only by individuals permitted access to it under Paragraphs 6. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

      8.      With respect to any depositions that involve a disclosure of Confidential material of a Party to this action, testimony may be designated as Confidential by an appropriate statement on the record at the time when such testimony is given. In addition, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6 and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6. Deposition exhibits and exhibits to Court filings which are deemed Confidential shall be so designated by stamping the exhibit accordingly. If any Confidential Information is to be used during the deposition of a non-Party witness, said non-Party deponent shall be given a copy of this stipulation and order prior to the deposition, advised that he or she is bound by the terms thereof, and

requested to sign the Agreement to Be Bound by Stipulation and Order of Confidentiality (annexed hereto as **Exhibit A**). In the event the deponent elects not to execute the Agreement to Be Bound by Stipulation and Order of Confidentiality (annexed hereto as **Exhibit A**), the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but shall require the deponent to come to the court reporter's office to review the transcript. The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter is prohibited from providing a copy to the deponent of any Confidential Information contained in exhibits used at the deposition.

9. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the Receiving Party shall serve on the Producing Party (or third party who designates information as Confidential) a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Producing Party (or third party who designates information as Confidential) shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the Receiving Party shall present the dispute to the

Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. If any paper that incorporates any Confidential documents or information, or reveals the contents thereof is filed in this Court, same shall be filed in accordance with the Court's procedures for filing documents under seal, including Rule 5(B) of the undersigned's Individual Practices in Civil Cases. The Court reminds the parties that a designation of "confidential" pursuant to a protective order is not enough, on its own, to overcome the presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). The Party filing the documents shall serve notice upon all other Parties that the above procedure is being invoked.

11. In the event that a Party intends to use Confidential information for any purpose at the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and other of the Court, such Party must provide the opposite Party with best practicable and timely notice of the intent to use such information to permit the opposite Party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to this Stipulation and Order of Confidentiality and that the Court employees be advised as to the terms of this Stipulation and Order of Confidentiality.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific

information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

13. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with applicable New York law. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulation and Order. This Paragraph 14 shall not apply to medical records or information obtained by either Party through an authorization for release of health information pursuant to the Health Insurance Portability and Accountability Act.

15. The Parties may agree in writing to any specific disclosure of Confidential information (or any information contained therein or derived therefrom) in a particular

circumstance without prejudice to the continued application of this Stipulation and Order as to the use of that document or thing.

16. This Stipulation and Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulation and Order, nor the designation of any information or document as Confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential by an opposing Party or third party is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any information, thing, or document.

17. This Stipulation and Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Stipulation and Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

18. This Stipulation and Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

19. Upon final conclusion of this litigation, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all documents for archival

purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a Party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

20. Nothing in this Stipulation and Order shall be deemed a waiver of any right any Party otherwise might have under the Federal Rules of Civil Procedure, Local Civil Rules of the United States District Court for the Southern District of New York, or the doctrines of attorney/client privilege, attorney work product, or any other privileges.

21. This Stipulation and Order shall survive the final termination of this action with respect to any Confidential information. The Court shall retain jurisdiction over the Parties and counsel for the Parties as necessary to enforce this Stipulation and Order.

22. For the purposes of this Stipulation and Order, the Parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

> <u>For Plaintiff</u>: Innessa M. Huot, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, New York 10017; ihuot@faruqilaw.com
>
> <u>For Defendants</u>: Rashmee R. Sinha, Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, NY, 11797; rsinha@kdvlaw.com

23. A facsimile or scanned image signature of this Stipulation and Order of Confidentiality has the full force and effect of an original.

| | |
|---|---|
| Dated: April 6, 2021 | Dated: April 6, 2021 |
| KAUFMAN DOLOWICH VOLUCK, LLP<br>*Attorneys for Defendants* | FARUQI & FARUQI, LLP<br>*Attorneys for Plaintiff* |
| By: _____<br>   Rashmee Sinha, Esq.<br>   Solomon Abramov, Esq. | By: _____<br>   Innessa M. Huot, Esq.<br>   Alex J. Hartzband, Esq. |

| | |
|---|---|
| 135 Crossways Park Dr., Suite 201<br>Woodbury, New York 11797 | Camilo M. Burr, Esq.<br>685 Third Avenue, 26th Floor<br>New York, New York 10017 |

SO ORDERED:

_____
HON. VALERIE E. CAPRONI
United States District Judge
Date: April 6, 2021

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ARIEL ZUCKERMAN,

              Plaintiff,

-against-

GW ACQUISITION LLC d/b/a G&W INDUSTRIES, MICHAEL MARINOFF, in his individual and professional capacities, and ALBERT MALEH, in his individual and professional capacities

              Defendants.

Civil Action No.: 1:20-cv-08742 (VEC)

**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER OF CONFIDENTIALITY**

I, _____ being duly sworn, state that:

      1.    I have carefully read and understood the provisions of the Stipulation and Order of Confidentiality in this case signed by the Court, and I will comply with all provisions of the Stipulation and Order of Confidentiality.

      2.    I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Order of Confidentiality any Confidential documents or information, or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

      3.    I will limit use of Confidential documents or information disclosed to me solely for purpose of this action.

      4.    No later than the final conclusion of the case, I will return all Confidential documents and information, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained (if any).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                  _____

                                                            _____
                                                            Print Name